**UNITED STATES of America,**
**Respondent-Appellee,**

v.

**Carlos MARCELLO, Defendant-Appellant.**

**Nos. 30492, 30519.**

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1971.

Certiorari Denied March 29, 1971. See 91 S.Ct. 1231.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

Marcello, having been convicted of assaulting and intimidating an F.B.I. agent in violation of 18 U.S.C.A. 111,[1] which this Court affirmed on appeal,[2] now seeks review of the District Court's denial of his motion for a new trial based upon the Government's alleged suppression of evidence, and the denial, without a hearing, of his petition under 28 U.S.C.A. § 2255 in which he urged that his conviction was obtained by the knowing use of false testimony. We affirm.

The evidence supporting the conviction is fully developed in the previous opinion of this Court. Suffice it to say that the assault of F.B.I. agent Collins by Marcello occurred on the night of September 30, 1966, at the New Orleans, Louisiana, airport where a number of the news media had gathered to interview and photograph Marcello as he deplaned on his return from New York. A chronology of the post-trial proceedings follows.

After certiorari was denied by the Supreme Court, a timely motion for a new trial was filed alleging that the F.B.I. had tipped off the news media that Marcello would arrive at the New Orleans airport at a certain time from New York and this caused a convocation of the media. Marcello further alleged that the confrontation and harassment leading to the assault was preconceived and that he was entrapped or that he was denied an opportunity to develop facts upon which to raise the defense of entrapment. Relying on Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, he points out that he made a motion requesting favorable evidence

C. Anthony Friloux, Jr., Houston, Tex., Cecil M. Burglass, Jr., New Orleans, La., Jack Wasserman, Washington, D. C., for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Malcolm R. Dimmitt, Edward B. McDonough, Jr., Asst. U. S. Attys., Houston, Tex., for appellee.

1. The statute provides in pertinent part: "Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with * * * [any employee of the Federal Bureau of Investigation of the Department of Justice] while engaged in or on account of the performance of his official duties shall be [punished]."

2. United States v. Marcello, 5 Cir. 1970, 423 F.2d 993, cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543.

prior to and during trial and that the Government assured him that it had no such evidence.

At the hearing on the new trial motion, acting agent-in-charge Sylvester, of the New Orleans F.B.I. office, testified that on September 30, 1966, he learned from another agent that Marcello was returning by airplane from New York City that night and that two agents (although he did not know their identity) had been assigned to cover the arrival. He became concerned about the sufficiency of F.B.I. manpower at the airport; and in order to make a judgment about this, Sylvester contacted the Times Picayune, a local newspaper, and asked whether they were covering any prominent person coming in that night on an early evening flight. He was told that no one would be there. He also contacted the Associated Press in the same manner and received an equivocal answer. He then telephoned channel 12 TV and was told that they would have coverage at the airport. A post-trial affidavit offered by Marcello relates that other members of the news media were called. In each instance the recipient of the call probably knew that the caller was Sylvester because of his distinctive voice, but the name Marcello was not mentioned. Sylvester, having determined that Marcello's arrival would be covered by the TV, found no necessity to increase the F.B.I. manpower.

Prior to trial Sylvester related these events to the United States Attorney. Neither F.B.I. agents Collins nor Avigion, who had received the airport assignments, knew that Sylvester had contacted the news media. The first time that they knew anyone else would be present at the airport was when they saw the group of cameramen and reporters.

At the same hearing, on motion for new trial, Marcello also offered evidence from one witness that he had attended a press party with Collins on September 30, 1966, and that Collins was drunk when they left the party about three in the afternoon. Collins testified that he had no recollection of the events of that day prior to his airport assignment which was made by his superior at about three-thirty or shortly thereafter. The acting agent-in-charge and Avigion, with whom Collins had dinner and carried out the assignment, thought that Collins appeared normal. The District Court denied the motion for new trial.

Subsequently, Marcello filed a § 2255 petition to set aside the judgment of conviction on the ground that it was obtained by the perjury of agent Collins. The District Court denied the petition without an evidentiary hearing.

*Denial of the Motion for New Trial*

The thrust of Marcello's argument is that the Government, by failing to disclose to counsel for Marcello that F.B.I. agent-in-charge Sylvester had informed the news media of the time of arrival of Marcello at the airport prevented Marcello from using this evidence in some way, to prove entrapment, or the first step in that defense, or provocation.

Without any knowledge on the part of Collins or Avigion that Sylvester had called the news media, which is undisputed, there is no way, simply no way to introduce entrapment or provocation into the case. The "issues raised and the evidence adduced must be pertinent to the controlling question whether the defendant is a person otherwise innocent whom the Government is seeking to punish for an alleged offense which is the product of the creativity of its own officials." Sorrells v. United States, 1932, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413. There was nothing sinister in the nondisclosure by Government counsel that Sylvester made calls to the news media. Not only was this wholly irrelevant to any issue in this case but it borders on the frivolous to claim, as does Marcello, that it was a scheme by the F.B.I. to "set up" an incident at the airport or to invade Marcello's right of privacy. Given a number of newsmen at the airport, whether their presence was because they learned of Marcello's arriv-

al time from the F.B.I., or from independent sources, nothing occurred there that gave cause to Marcello to shout pejorative epithets at them and to assault F.B.I. agent Collins. There was nothing done by the F.B.I. that can be said to have constituted "implantation of the disposition to commit [assault] in the mind of an innocent man, or inducement for the purpose of prosecuting." United States v. Marcello, 5 Cir. 1970, 423 F.2d 993, 1011.

Having failed to demonstrate error in the trial court's refusal to submit the issue of entrapment to the jury in the previous appeal, Marcello makes another attempt to do so here via *Brady* by a revelation that the F.B.I. called the news media but did not disclose this to the defense. Even if this "suppressed evidence" could be considered favorable to Marcello, a conclusion that can be reached only by spurious syllogistic reasoning, it does not come within the *Brady* rule because it was wholly immaterial to the issue of entrapment. Sylvester had a perfectly legitimate purpose in calling three or more news outlets. Neither Collins nor Avigion knew that newsmen would be at the airport which negates any suggestion of an F.B.I. set up. Furthermore, it is manifest that Marcello was the aggressor.

We are firmly convinced that no favorable or material evidence was suppressed by the prosecution and that the trial judge properly denied Marcello's motion for a new trial.[3]

### Denial of Petition under 28 U.S.C.A. 2255

■ The District Court denied Marcello's § 2255 petition without an evidentiary hearing because the court found that its factual basis was, for all intents and purposes, presented and considered by the court in connection with the motion for new trial. This is not supported by the record. The motion for new trial was based upon suppression of evidence by the Government, while the § 2255 petition, subsequently filed, asserts that the conviction was obtained through the perjury of F.B.I agent Collins,[4] a matter which had not previously been considered or decided. Nevertheless, for the reasons that follow we conclude that no evidentiary hearing was required.

Marcello charged perjury in the following particulars: (a) Collins' testimony at trial relating to the assault and intimidation; (b) Collins' denial of admissions made by him that Marcello did not assault or intimidate him; (c) Collins' denial that while he was in Shreveport, Louisiana, in February 1968 he admitted that Marcello did not assault or intimidate him; (d) Collins' denial that while he was in Lucky Pierre's bar in New Orleans in November or December 1967 he admitted that Marcello did not assault or intimidate him; and (e) Collins' testimony in connection with the motion for new trial in which he denied having any recollection of attending a press party on September 30, 1966, or of being drunk on that date.

The contention that Collins perjured himself at the hearing on the motion for new trial gives us little pause. Assuming, contrary to the finding of the District Court, that Collins gave perjured testimony at that hearing in July, 1970, there was no way that this could have borne on the conviction in August, 1968.

With respect to the other allegations of perjury, a review of the evidence submitted at both trials (the first having resulted in a mistrial) shows, without

3. By brief Marcello contends that the Government also suppressed the fact of Collins' drunkenness on the day of the incident and his inability to recall the events of that day. Not having raised this point in his motion for new trial we decline to entertain it here. Marcello's claim of perjury in this respect is treated *post*.

4. Marcello also accuses government witnesses Nolan and Gauthier of perjury. While they are not hereafter specifically alluded to by name we consider the legal consequences of their testimony to be precisely the same as Collins.

peradventure, that there was an encounter between Collins and Marcello at the airport. While there is some conflict concerning the assault by Marcello on Collins, there is substantial evidence that an assault took place.[5] Collins denied at the trial any prior inconsistent statements or admissions to the effect that Marcello had not assaulted or intimidated him on September 30, 1966. On the other hand, Maroun, a close personal confidante and attorney for Marcello, contradicted Collins by relating alleged admissions made by Collins at Lucky Pierre's, but with no one else present,[6] and testified that similar admissions had been made by Collins in Shreveport, Louisiana, in February, 1968.[7] Mrs. Angell, a total stranger whom Collins met in the lounge of Maroun's place, corroborated Maroun's testimony.[8] It is on this conflict of evidence that Marcello charges Collins with perjury.

Perjury may be succinctly defined as knowingly and willfully giving false testimony relating to a material matter. Luna v. Beto, 5 Cir. 1968, 395 F.2d 35, 38, cert. denied, 1969, 394 U.S. 966, 89 S.Ct. 1310, 22 L.Ed.2d 568; see United States v. Edmondson, 5 Cir. 1969, 410 F.2d 670, 672–673, cert. denied, 396 U.S. 966, 90 S.Ct. 444, 24 L. Ed.2d 430. Except for the bald assertion in his § 2255 petition, Marcello has done nothing to demonstrate his claim that Collins perjured himself. He has offered no evidence, other than that upon which the jury passed, relating to the events constituting the crime. Significantly there were non-government witnesses that corroborated Collins' testimony on the vital trial issues. Marcello's petition simply seeks to reopen and relitigate the issues already resolved against him by the jury. This he cannot do. Ehrlich v. United States, 5 Cir. 1944, 145 F.2d 693.

In view of what we have said, an evidentiary hearing was not required to dispose of Marcello's petition. There was nothing to hear that had not already been said.

While we agree with the principle which Marcello couches in broad terms of argument, that due process will not tolerate a conviction obtained by the knowing use of false testimony—Napue v. Illinois, 1959, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, and their progeny—this principle has no application here because there is no showing by Marcello of any evidence to support his claim of denial of due process other than his persistent attempts to discredit Collins and attack his credibility, all of which were before the jury whose verdict resolved the matter.

The orders of the District Court denying the motion for new trial and for relief under 28 U.S.C.A. § 2255 are severally

Affirmed.

5. See the testimony of Collins, pps. 459, 460, 940, 945; Avigion, 402–404, 421, 846, 853, 887; Thornell, 446, 450, 451, 921; Elder, 490–491, 1081, 1087; Nolan, 506, 507, 513, 1031, 1033, 1034, 1055; Joseph Marcello, 555, 568–570, 1164; McCrossen, 597, 599, 1035; Joseph Marcello Jr., 604, 621, 1137, 1138; Carlos Marcello, 630, 631, 634, 1203; Gauthier, 1293, 1294, 1302, 1305.

6. Maroun, 641, 645–647, 649, 1223; Collins, 984, 1010.

7. Maroun, 641–643, 1225, 1248; Collins, 482, 985–986, 1012.

8. Angell, 1260, 1263, 1269, 1270–1271.