**James Timothy OVERTON, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1218**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 8, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**920**

James T. Overton, pro se.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from a denial without hearing of a § 2255 motion to vacate sentence imposed on appellant's conviction of endeavoring to influence and intimidate, by threats, a witness in the Court of the United States in violation of 18 U.S.C. § 1503. The conviction was affirmed on appeal. Overton v. United States, 403 F.2d 444 (5th Cir. 1968).

■ Appellant was convicted of endeavoring to intimidate Richard Hinton with respect to testimony to be given against appellant's brother. Since Hinton was in jail at the time of these occurrences, the threats were transmitted to Hinton by Hinton's wife. Appellant contends that inconsistencies between Hinton's testimony and Mrs. Hinton's testimony amounted to knowing use of perjured testimony by the government. This testimony was considered by the jury at appellant's trial and any inconsistencies must have been resolved against him. Such matters do not afford a ground for relief under § 2255. United States v. Marcello, 436 F.2d 1221 (5th Cir. 1971).

■ Hinton testified in three or four cases involving a number of defendants. Thereafter, in a matter unrelated to this case, Hinton recanted his testimony as to one defendant named Frank Smith. Appellant filed a copy of the *ex parte* statement of Hinton urging that this demonstrated that the government knowingly had caused perjured testimony. However, throughout the statement Hinton asserted that everything he had testified to was true as to all defendants except Smith.

■ Appellant also contends that Hinton committed perjury when he testified that the FBI had no deals or understandings with him in return for his testimony. Appellant cites portions of Hinton's statement exculpating Smith as the basis for the claim of perjury. Here, again, the statement is insufficient. Initially, it is noted that the statement was directed to Smith's case and is of questionable relevance. Further, in the statement Hinton said the FBI agents had told him that they could not make any promises. Although in his statement Hinton stated he had communications with the United States Attorney and had expectations of probation (which he did not receive), the alleged perjured statement related specifically to the FBI. There were no allegations of what, if anything, Hinton was asked at appellant's trial about deals, understandings, or discussions with the United States Attorney's office, or others other than the FBI. Therefore, the allegations of facts showing perjury by Hinton are insufficient.

■ The district court found that the other issues alleged by the petitioner were raised on direct appeal. If any of the facets of those contentions were not

raised on direct appeal, they could, and should have been presented there. Therefore, we need not consider them now. McCreary v. United States, 249 F.2d 433 (5th Cir. 1957), cert. den., 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820.

In addition, petitioner raises issues here which were not presented to the district court and will not be considered.

Affirmed.