**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfred Nathaniel HOLLIS, Defendant-**
**Appellant.**

**No. 71–1518**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1971.

J. Clint Brown, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., William M. James, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

INGRAHAM, Circuit Judge:

Alfred Nathaniel Hollis had been charged in a complaint with possession of stolen mail and uttering a United States treasury check with a forged endorsement, in violation of 18 U.S.C. §§ 1708 and 495. He was convicted by a jury and sentenced to a term of 4 years imprisonment. He has appealed asserting two lines of error committed below. The first is that the court erred in refusing to grant him a continuance so that he would have additional time to obtain an attorney, and further that the court erred in refusing to permit an attorney who did appear at the time of trial, to represent him. This Hollis argues deprived him of his constitutional right to be represented by counsel of his own choosing. The record, however, indicates that Hollis was represented by counsel appointed by the court on October 9, 1970. He plead guilty to the charges on December 4, 1970, but on January 7, 1971, successfully moved to withdraw his pleas of guilty. On January 27, 1971, five days prior to the set time of trial, his counsel moved to withdraw from the case and requested a continuance to enable Hollis to obtain private counsel. These motions were denied by the district court based on its impression that defendant had had adequate time to obtain counsel and that the eleventh hour appearance of counsel was primarily for the purpose of delaying the proceeding.

After our reading of the record, we have reached a similar conclusion and affirm. Bowman v. United States, 409 F.2d 225 (5th Cir., 1969).

In *Bowman*, this court articulated its position on the question of continuances to obtain counsel. It there stated:

"We agree with the rationale of the Second Circuit, expressed in United States v. Llanes, 2 Cir., 1967, 374 F.2d 712, 717: 'We and other courts of appeals have repeatedly made clear that the right to counsel "cannot be * * * manipulated so as to ob-struct the orderly procedure in the courts or to interfere with the fair administration of justice." * * * Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay."

The question at issue then in this appeal is whether or not the continuance sought by the defendant was for the purpose of delaying the trial, or was a reasonably necessary request to obtain counsel of his own choice. Compare United States v. Mitchell, 354 F.2d 767 (2nd Cir., 1966), where the Second Circuit reversed a conviction and remanded for a new trial because the district court had failed to grant a continuance to defendant to obtain counsel of his own choosing. This circuit has stated that the grant of a continuance is a question vested in the discretion of the district court, a decision not to be disturbed in the absence of an abuse of that discretion. United States v. Fuentes, 432 F.2d 405 (5th Cir., 1970). In the case *sub judice* the district court has not abused its discretion. United States v. Terry, 449 F.2d 727 (5th Cir., 1971).

The second line of defendant's attack on his conviction is that the district court erred in denying his motion to suppress his confession. The facts on this point are as follows. The defendant Hollis was arrested and taken into custody on August 3, 1970, at approximately 9:00 A.M. At 8:15 P.M. that evening he signed a statement admitting the commission of the crimes with which he was charged. The defendant asserted at the motion to suppress hearing and again at trial that his statements were coerced in that they were made in exchange for a promise of medical treatment for heroin withdrawal symptoms. As defendant states in his brief: "Previous to and during the time of the interrogation of the Defendant, he was suffering pain and discomfort due to the fact that he was undergoing symptoms of withdrawal from the drug, heroin.

The fact that the Defendant was undergoing the symptoms of withdrawal of narcotic addiction, was known to the interrogating Secret Service Agents." However, this statement fails to reflect that the trial court found and the record supports that the interviewing agents met with Hollis at the county jail at his specific request that prior to questioning him the agents inquired as to how he was feeling. Further, while Hollis indicated that he was in "some discomfort," the interviewing agent testified that Hollis appeared to be perfectly rational and in control of his mental faculties at this time. Hollis was fully advised of his constitutional rights and executed a warning and consent to speak form at the time he was questioned. He further acknowledged that the statement he made was true.

From the facts presented in the record we are unable to find that the district court's conclusion that Hollis' statements were voluntary is clearly erroneous. United States v. Gunn, 428 F. 2d 1057 (5th Cir., 1970).

Hollis finally asserts that the sentence he received did not comport with the provisions of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S. C. § 4251 et seq. The record before us is wholly silent as to whether the district court in imposing sentence has considered the provisions of this Act. Defendant urges that United States v. Williams, 407 F.2d 940 (4th Cir., 1969), requires that sentence be vacated and the matter remanded for a determination of whether the defendant is eligible for sentencing under that Act. While the case is factually distinguishable from the *Williams* case, in the face of a wholly silent record, we remand for the district court's consideration of whether Hollis is an eligible offender within the meaning of 18 U.S.C. § 4251 et seq.

The judgment of conviction is affirmed and the case remanded for further consideration consistent herewith.