**Phillip DOZIER, Plaintiff-Appellant,**

v.

**UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF FLORIDA, Defendant-Appellee.**

**No. 80–5974**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 21, 1981.

Phillip Dozier, pro se.

Michael T. Simpson, Asst. U. S. Atty., Tallahassee, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Phillip Dozier appeals from the district court's denial of his motion to vacate sentence under 28 U.S.C.A. § 2255. We affirm.

Dozier was convicted on four counts of possessing heroin with an intent to distribute and sentenced to a total of ten years' incarceration with a six-year special parole term. The conviction was affirmed on appeal. *United States v. Dozier,* 575 F.2d 880 (5th Cir.), *cert. denied,* 439 U.S. 874, 99 S.Ct. 211, 58 L.Ed.2d 188 (1978). Following the appeal, Dozier moved for a reduction of sentence pursuant to Fed.R.Crim.P. 35, alleging that the lengthy period of imprisonment would result in "family hardship." Upon denial of the motion, Dozier filed the present action and moved to have his sentence vacated on the grounds that he had received ineffective assistance of counsel and that he was entitled to be sentenced under the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C.A. § 4251, *et seq.*[1] A federal magistrate determined that Dozier had received effective assistance of counsel but that he had a right to be considered for sentencing under NARA and recommended the sentence be vacated and a hearing held to ascertain Dozier's eligibility under the Act. The district court rejected the recommendation and concluded that Dozier's right to be sentenced under NARA could

---

1. Eligible addicts sentenced under NARA are incarcerated for an indeterminate period of time, not to exceed ten years. 18 U.S.C.A. § 4253(a). While incarcerated, offenders re- ceive rehabilitative treatment for addiction. *Id.* After undergoing treatment for six months an offender becomes eligible for conditional release. 18 U.S.C.A. § 4254.

not be raised in a motion to vacate sentence.

Dozier's averment that he received ineffective assistance of counsel appears to be based upon counsel's failure to bring Dozier's alleged heroin addiction to the attention of the trial judge in order to obtain rehabilitative sentencing under NARA. It is well settled in this Circuit that an accused in a criminal case is entitled to "effective assistance of counsel," but not to an error free performance. *United States v. Burroughs,* 650 F.2d 595 (5th Cir. 1981); *Washington v. Estelle,* 648 F.2d 276, 279 (5th Cir. 1981). The burden of proving an absence of effective counsel lies with the petitioner. *United States v. Killian,* 639 F.2d 206, 210 (5th Cir. 1981). Considering the facts as reflected by the record in this case, any failure by counsel to attempt to raise Dozier's alleged addiction at the sentencing hearing did not render counsel's representation ineffective.[2]

Dozier also asserts that he is at this time entitled to be considered for sentencing under NARA. The issue was not raised on direct appeal or in the motion for reduction of sentence. Generally issues that should have been raised on direct appeal will not be appropriate subjects for a motion to vacate sentence. *Buckelew v. United States,* 575 F.2d 515, 518 (5th Cir. 1978); *Overton v. United States,* 450 F.2d 919 (5th Cir. 1971). However, because the purported error arises from the alleged in-

effective assistance of counsel, we consider the merits. *Thor v. United States,* 574 F.2d 215, 219 (5th Cir. 1978).

Relief may be granted under Section 2255 only if "the alleged error amounted to a fundamental defect, which resulted in a miscarriage of justice." *United States v. Johnson,* 615 F.2d 1125, 1127 (5th Cir. 1980); *see also United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). That Dozier was not sentenced under NARA cannot be viewed as a fundamental defect. Use of the Act when sentencing is not mandatory and is left to the sound discretion of the district court. *United States v. Hart,* 488 F.2d 970, 971 (5th Cir. 1974); *United States v. Williams,* 407 F.2d 940, 944 (4th Cir. 1969). Even if Dozier had been eligible for rehabilitative sentencing and even had his eligibility been made known to the trial judge, he would not have had any right or entitlement to be sentenced under the Act. Accordingly it cannot be said that the court's failure to sentence petitioner under NARA constituted a fundamental defect and a miscarriage of justice.[3]

AFFIRMED.

---

**2.** At sentencing, the trial judge made the following poignant statement concerning the level of competency of Dozier's attorney:

Let me express to you, sir, the Court's appreciation for your faithful and diligent service to Mr. Dozier in this case. He may not know it, but you were before me several times prior to trial, and it seems to me a concern for Mr. Dozier, and a display of your ethical responsibilities to him, as an officer of the court. And I—these are matters that I'm sure—matters that he may not be aware of. I'm sure he's aware of the diligence that you expended on his behalf in the attorney/client relationship and in the court, but I would like to put on the record my appreciation to you for the way that you have fulfilled your responsibilities to him. I always have been impressed over the years with the caliber of representation that's provided by distin-

guished members of the bar of this court to persons before this court who are unable to afford counsel. And you, of course, have carried on that tradition in this case.

**3.** Dozier's reliance on *United States v. Hollis,* 450 F.2d 1207 (5th Cir. 1971) is misplaced. Faced with a silent record, the Court in that case remanded for a hearing to determine if the defendant was eligible for sentencing under NARA. However, *Hollis* involved a direct appeal. Errors that may be grounds for reversal on direct appeal will not necessarily permit relief to be granted in a motion to vacate. *Manley v. United States,* 352 F.2d 515 (5th Cir. 1965). A motion to vacate may only be granted for fundamental defects causing a miscarriage of justice. As we have determined, no such fundamental defect is present in this case.