OPINION *Page 2 
{¶ 1} Defendant-appellant Roy Dahlin appeals the revocation of his probation following a conviction entered in the Mount Vernon Municipal Court on one count of driving without a valid operator's license, a misdemeanor of the first degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} On November 3, 2005, the appellant was found guilty of operating a vehicle without a valid operator's license. His sentence included a one hundred eighty (180) day jail sentence. One hundred forty-five (145) days of the jail sentence were suspended. One of the conditions of the suspended sentence was that appellant obtain a valid operator's license within one hundred twenty (120) days of his release from jail.
 {¶ 3} Appellant filed a pro se Notice of Appeal from the November 3, 2005 Judgment Entry of conviction and sentencing on December 2, 2005. See, State v. Dahlin, Knox App. No. 2005-CA-00041. On June 19, 2006, this Court dismissed the appeal for appellant's failure to file a brief. On July 10, 2006, appellant's motion to reconsider was denied.
 {¶ 4} On March 22, 2007, the appellant was charged with violating the condition of his probation requiring him to obtain a valid operator's license.
 {¶ 5} On April 9, 2007, appellant appeared before the trial court to be arraigned on the alleged probation violation. Appellant refused to enter a plea to the charge. The Court entered a not guilty plea to the charge on appellant's behalf and over his objection. Appellant was advised of his right to counsel and told that he could apply to *Page 3 
the Knox County Public Defender and that if he qualified for their services that the Knox County Public Defender without charge would represent him.
 {¶ 6} At each of appellant's appearances on the charges that 1) appellant violated his probation (05 TRD 3839), 2). the motion requiring appellant to show cause filed on April 23, 2007 (05 TRD 3839), 3). the traffic charges in 07 TRD 669 A B the criminal charges in 07 CRB 000152 A B (all four of which were filed on March 2, 2007 out of an incident that allegedly occurred on March 2, 2007), appellant was advised that he should seek the services of the Knox County Public Defender, if he could not afford counsel.
 {¶ 7} At a hearing on April 17, 2007, appellant informed the trial court that he had made application for representation by the Knox County Public Defender on or about April 9, 2007 but had not heard as to whether he had been accepted. At that time, the trial court instructed appellant to contact the Knox County Public Defender to request information as to the status of his application. On April 30, 2007, appellant appeared for a suppression hearing in 07 TRD 669 A B and 07 CRB 000152 A B. At that time, the trial court inquired of appellant as to the status of his application. Appellant informed the trial court that he had not received anything from the Public Defender. Appellant admitted that he had not contacted them after the April 17, 2007 hearing as instructed by the trial court. Present in the Courtroom was Avery Dyer, the manager of the Knox County Public Defender program. Upon inquiry, Mr. Dyer informed the trial court that appellant had applied for the services of the Knox County Public Defender, but that the application he submitted was incomplete and that additional information had been requested. Mr. Dyer stated that a letter had been sent to appellant informing him that *Page 4 
additional information was required before they could act on his application. Appellant denied receiving the letter.
 {¶ 8} On May 2, 2007, the alleged probation violation came before the trial court for hearing. Appellant stated that he wanted appointed counsel to represent him. The Court inquired of appellant as to whether he had contacted the Public Defender's Office and if he had provided them with the necessary information so they could make a determination of his eligibility for the services of their office. Appellant informed the trial court that he had been too busy since April 30, 2007 preparing for the May 2, 2007 hearing to contact the Public Defender.
 {¶ 9} The trial court deemed appellant's conduct to be a waiver of his right to counsel and proceeded with the hearing.
 {¶ 10} The trial court after hearing evidence from Probation Officer Rene Joris found appellant guilty of the charge that he violated his probation by failing to obtain a valid operator's license. The trial court terminated appellant's probation and imposed the one hundred forty-five (145) day sentence. The trial court informed appellant that if he made a sincere commitment to obtain a valid operator's license and informed the trial court in a letter or motion detailing his intentions, the court would consider an early release to afford him the opportunity to obtain a valid operator's license.
 {¶ 11} On May 7, 2007, the trial court received a letter from appellant pledging to begin the process of obtaining a valid license within two (2) weeks. Based on appellant's promise to acquire a valid driver's license, the trial court suspended the balance of the jail sentence, and ordered appellant's release. *Page 5 
 {¶ 12} It is from the trial court's May 2, 2007 entry revoking his probation that appellant has appealed raising the following assignments of error:
 {¶ 13} "I. SPRUGEON [SIC.] ERRED WHEN HIS COURT LOST JURISDICTION AT TRIAL.
 {¶ 14} "II. SPURGEON ERRED BY FAILING TO INSURE APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL. HE VIOLATED CRIM.R. 44(B). THE CONSTITUTION OF THE U.S. THE OHIO CONSTITUTION. [SIC.]. BY SO DOING HE ALSO VIOLATED CANON 3(b) (2) TO BE FAITHFUL TO THE LAW AND MAINTAIN PROFESSIONAL COMPETENCE IN IT. IN SPITE OF VIOLATING THE RULE SPURGEON [SIC.] INCARCERATED APPELLANT, SEE SPURGEON'S [SIC.] ARGUMENTS IN HIS JUDICIAL NOTICE.
 {¶ 15} "III. SPURGEON [SIC.] ERRED BY DENYING APPELLANT'S SUBPOENAS FOR WITNESSES AT THE PROBATION PROCEEDINGS.
 {¶ 16} "IV. SPURGEON [SIC.] ERRED BY EITHER RESERVING TO HIMSELF [SIC.] OR NEGLECTING TO REQUIRE [SIC.] PROSECUTION TO FULFILL BURDEN OF PROOF OF EACH AND EVERY ELEMENT OF THE CHARGES.
 {¶ 17} "V. SPURGEON [SIC.] ERRED BY FAILING TO FULFILL AND PERFORM A REQUISITE ARRAIGNMENT.
 {¶ 18} "VI. SPURGEON [SIC.] ERRED BY BLOCKING THE SUBPOENA OF A WITNESS, MS. HEIDI MALLORY, FOR THE PROBATION PROCEEDING." *Page 6 
 I. {¶ 19} In his First Assignment of Error appellant maintains that the assistant law director had no standing to prosecute the jury trial that resulted in appellant's conviction on November 3, 2005 because she did not produce an oath of office. We disagree.
 {¶ 20} While appellant is entitled to a right of appeal from the November 3, 2005 conviction and sentence, that right to appeal expired when appellant failed to timely prosecute that appeal as required by App. R. 4(A).
 {¶ 21} As noted by the Ohio Supreme Court: "[t]he General Assembly having granted the right to appeal from a conviction and sentence in a criminal case, certainly the manner in which and the time when such appeal shall be perfected are wholly matters of procedure. . . . In fixing a time limit on the perfecting of an appeal as of right the General Assembly in no way infringes any constitutional right possessed by a defendant." State v. Edwards (1952), 157 Ohio St. 175, 180-181,105 N.E. 2d 259, 262.
 {¶ 22} In addition, a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. State v. Perry, (1967), 10 Ohio St.2d 175, 39,226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 23} Clearly, appellant could have raised the issues he now seeks to raise under the present assignment of error in his appeal as of right.State v. Kelly (June 21, 2000), 8th Dist. No. 74912. Applicant's failure to file a brief in his direct appeal does not eliminate the applicability of the doctrine of res judicata. *Page 7 
 {¶ 24} Therefore, this Court has no jurisdiction to review issues concerning the original trial, conviction and sentence entered November 3, 2005. State v. Alexander, supra at ¶ 19.
 {¶ 25} However, even if appellant had timely raised the issues the result would not change.
 {¶ 26} We note that "[t]he oath of office is a mere ministerial act, and not a condition precedent to entering upon the duties of the office. . . ." State v. Findley (1840), 10 Ohio 51, syllabus; State v.Farrar (1946), 146 Ohio St. 67, 66 N.E.2d 531. Moreover, "[t]he right of a de facto officer to hold office may not be questioned in collateral proceeding to which he is not a party." (Emphasis sic). State v.Staten (1971), 25 Ohio St.2d 107, 110, vacated on other grounds(1972),408 U.S. 938; Stiess v. State (1921), 103 Ohio St. 33, 132 N.E.2d 85. Accordingly, assuming arguendo that an oath of office was required, noncompliance did not invalidate appellant's criminal proceedings.Potts v. Deweese (Jan. 23, 2002), 5th Dist. No. 01CA66.
 {¶ 27} It is clear that appellant, having been charged with violating an ordinance of a municipality located within the jurisdiction of the Mount Vernon Municipal Court, was subject to both the territorial and subject matter jurisdiction of the Mount Vernon Municipal Court. Consequently, the trial court properly exercised jurisdiction over the appellant and the case at bar.
 {¶ 28} Appellant's First Assignment of Error is denied. *Page 8 
 II. {¶ 29} In his Second Assignment of Error appellant argues the trial court erred by failing to appoint counsel other than the Public Defender to represent him during the probation revocation proceedings. We disagree.
 {¶ 30} As the Ohio Supreme Court has stated: "[t]he right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court." Thurston v. Maxwell (1965), 3 Ohio St. 2d 92,93, 209 N.E.2d 204. The constitutional right, of course, does not justify forcing counsel upon an accused who wants none. Moore v.Michigan (1957), 355 U.S. 155, 161, 78 S.Ct. 191, 195.
 {¶ 31} The requirements of Gagnon v. Scarpelli (1973), 411 U.S. 778,786-787, 93 S.Ct. 1756, 36 L.Ed.2d 656, for probation revocations apply to probation-revocation proceedings in municipal courts. See State v.Bender, Champaign App. No. 2004 CA 11, 2005-Ohio-919. The State is not under a constitutional duty to provide counsel for indigents in all probation or parole revocation cases. Gagnon v. Scarpelli, supra. In Ohio the appointment of counsel in a revocation of probation, or community control sanction hearing is govern by Crim R. 32.3.
 {¶ 32} Crim. R. 32.3 "Revocation of community release," states:
 {¶ 33} "(A) Hearing
 {¶ 34} "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the *Page 9 
defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
 {¶ 35} "(B) Counsel
 {¶ 36} "The defendant shall have the right to be represented byretained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant." (Emphasis added).
 {¶ 37} "Serious offense" means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim R. 2(C). In the case at bar, appellant was convicted of a "petty offense." Driving without a valid operating license is a misdemeanor of the first degree with a maximum jail sentence of six months. See, e.g. R.C. 4510.12. Accordingly, the decision to appoint counsel was discretionary with the trial court.
 {¶ 38} The right to counsel must be considered along with the need for the efficient and effective administration of criminal justice.United States v. Weninger (C.A.10, 1980), 624 F.2d 163, 166; UnitedStates v. McMann (C.A.2, 1967), 386 F.2d 611.
 {¶ 39} Actions of particular a defendant may indicate waiver of right to counsel, permitting waiver to be inferred. State v. Ebersole (1995)107 Ohio App.3d 288, 668 N.E.2d 934. A defendant may not be permitted to take advantage of the trial court by *Page 10 
claiming his right to counsel in order to frustrate or delay the judicial process. State v. Wellman (1974), 37 Ohio St.2d 162,309 N.E.2d 915. "Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel." Hook [(1986),33 Ohio App.3d 101, 514 N.E.2d 721] supra, at 723, citing United States v. Terry
(C.A.5, 1971), 449 F.2d 727; United States v. Hollis (C.A.5, 1971),450 F.2d 1207; and United States v. Leavitt (C.A.9, 1979), 608 F.2d 1290.
 {¶ 40} To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case, including the background, experience, and conduct of the accused person. Id. at 724, citing Johnson v. Zerbst (1938), 304 U.S. 458, 464,58 S.Ct. 1019, 1023, 82 L.Ed. 1461; and Ungar v. Sarafite (1964), 376 U.S. 575,84 S.Ct. 841, 11 L.Ed.2d 921.
 {¶ 41} We find the trial court complied with Crim. R. 44 in the colloquy conducted at the arraignment. Appellant was advised of his right to an attorney. (Judgment Entry, filed May 2, 2007). However, it was appellant who failed to obtain an attorney.
 {¶ 42} In the case at bar, the trial court referred appellant to the Knox County Public Defender's Office at the initial appearance on his probation violation on April 9, 2007. (Judgment Entry, filed May 2, 2007). The trial court advised appellant to seek the services of the Public Defender on four separate occasions. (Id.). At a hearing on April 17, 2007, the trial court instructed the appellant to contact the Public Defender's Office to request information on the status of his application. (Id.). On April 30, 2007, appellant admitted to the trial court that he had not contacted the Public Defender's Office as the *Page 11 
Court had instructed him. The manager of the Knox County Public Defender program was present in the courtroom. He informed the trial court that appellant had applied, but the application was incomplete. He further advised the appellant via letter that additional information was needed. Appellant denied receiving this letter. (Id.). On May 2, 2007, prior to the commencement of the probation revocation proceeding the trial court inquired as to whether the appellant had contacted the Public Defender's Office to supply the information as requested on April 30, 2007. (Id.). Appellant informed the Court that he had not contacted the Public Defender's Office because he was too busy preparing for the hearing. (Id.). We find appellant waived his right to counsel by his conduct. State v. Saylor, Guernsey App. No. 01CA32, 2002-Ohio-4241.
 {¶ 43} Appellant's Second Assignment of Error is denied.
 III. VI. {¶ 44} In his Third Assignment of Error, appellant maintains that the trial court erred by not allowing him to call as a witness during the revocation proceeding the custodian of the oath of office for the assistant prosecuting attorney who had prosecuted his original charge. In his Sixth Assignment of Error appellant argues that the trial court erred by not permitting him to call the assistant prosecuting attorney who conducted the jury trial on the original charges. We disagree.
 {¶ 45} As noted in our disposition of appellant's first assignment of error, supra, these arguments are also barred by res judicata as not having been raised in appellant's appeal from the original trial, conviction and sentence of November 3, 2005.
 {¶ 46} Every criminal defendant has a constitutional right to present a meaningful defense. Crane v. Kentucky (1986), 476 U.S. 683, 690,106 S.Ct. 2142. However, this *Page 12 
right does not engender an unfettered entitlement to the admission of any and all evidence. U.S. v. Scheffer (1998), 523 U.S. 303, 308,118 S.Ct. 1261.
 {¶ 47} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St. 3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. State v. Martin (1985), 19 Ohio St. 3d 122,129. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St. 2d 151,157.
 {¶ 48} The final revocation hearing, which must lead to an ultimate consideration of whether the facts as ascertained warrant revocation, is intended to provide the probationer with the "opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Morrissey v. Brewer (1972), 408 U.S. 471, 488,92 S.Ct. 2593, 2603, 33 L.Ed. 2d 484.
 {¶ 49} As these witnesses had no information relative to appellant's violation of the terms of his probation, or mitigating circumstances for any violation, the trial court did not err in excluding their testimony.
 {¶ 50} Accordingly, appellant's Third and Sixth Assignment of error are denied.
 IV. V. {¶ 51} In his Fourth Assignment of Error appellant contends that the State failed to prove each and every element of the charges making his conviction a nullity. In his *Page 13 
Fifth Assignment of Error appellant argues that the trial court failed to conduct an appropriate arraignment on the original charges. We disagree.
 {¶ 52} As noted in our disposition of appellant's First Assignment of Error, supra, these arguments are also barred by the doctrine of resjudicata as not having been raised in appellant's appeal from the original conviction of November 3, 2005.
 {¶ 53} Appellant's Fourth and Fifth Assignments of Error are denied.
 {¶ 54} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Mount Vernon, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Delaney, J., concur. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Mount Vernon, Ohio is affirmed. Costs to appellant.
[1] The relevant facts are taken from the trial court's Judgment Entries filed May 2, 2007 and May 7, 2007, as well as the transcript of the evidentiary hearing held May 2, 2007. *Page 1