[Cite as *Mt. Vernon v. Wiess*, 2014-Ohio-4016.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| THE CITY OF MOUNT VERNON | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| CORY M. WEISS | : | Case No. 13CA34 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Knox County
Municipal Court, Case No.
13CRB947


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      September 15, 2014


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHIP MCCONVILLE      JOHN A. DANKOVICH
City Law Director      Knox County Public Defender
     One Public Square
By: P. ROBERT BROEREN, JR.      Mount Vernon, OH 43050
Assistant Director of Law
Office of the City of Mount Vernon
5 North Gay Street, Suite 222
Mount Vernon, OH 43050

*Baldwin, J.*

{¶1} Defendant-appellant Cory Weiss appeals his conviction and sentence from the Mount Vernon Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On September 25, 2013, an affidavit was filed in Mount Vernon Municipal Court alleging that appellant had failed to stop after an accident on private property in violation of Section 335.13(a) of the Codified Ordinances of the City of Mount Vernon, a misdemeanor of the first degree. Prior to his personal appearance before the court on October 11, 2013, appellant, along with others who appeared for arraignment, was advised of the right to counsel at all stages of the proceedings and that counsel would be appointed if he or she were indigent. Appellant then entered a plea of not guilty and indicated that he needed an attorney. The trial court set a pretrial for October 23, 2013 and a trial for November 6, 2014.

{¶3} At the October 23, 2013 pretrial hearing, appellant informed the trial court that Attorney Matthew Malone was his attorney and that his attorney was going to enter an appearance on his behalf that day. When asked by the trial court if his attorney knew about the November 6, 2013 trial date, appellant indicated that he did. The trial court told appellant that "if that date doesn't work out for him, he can call the prosecutor's office." Transcript from October 23, 2013 pretrial at 2.

{¶4} Appellant appeared for the scheduled trial on November 6, 2013 and indicated that he was asking for a continuance because his attorney was in a hearing all day and had been told by the prosecutor that there would not be a continuance. The following discussion took place on the record:

{¶5} MR. BROEREN: Is that my office talked with an attorney this morning. He said that Mr. Weiss had contacted him this morning in an attempt to retain him. He asked about a continuance. I had – my office told him that we had subpoenaed witnesses, that Mr. Weiss had been afforded – had been told of his, you know, ability to get an attorney back at the last pre-trial hearing back on October 23rd. The attorney was then directed to the Clerk's office. He spoke with the Clerk's office and they relayed, it's my understanding, the same information to him, that we had set this and we are prepared to proceed today and that, that was our intention. Thank you, Your Honor.

{¶6} THE COURT: Mr. Weiss, there was a discussion at the arraignment concerning an attorney. That was back early in October, and October the 23rd you were here two weeks ago today, again we talked about your right to an attorney, and yesterday, you called your attorney.

{¶7} MR WEISS: No, I talked to him. He tried to contact a week ago and never got a response back. He called them this morning finally and finally talked to somebody.

{¶8} THE COURT: The Mount Vernon Municipal Court has been at this address for about 20 years.

{¶9} MR WEISS: Right, I know that.

{¶10} THE COURT: And so I think he's had plenty of time to know where we're at and to make contact with this Court to enter a finding – any kind of an appearance in your behalf. He's had plenty of time. When he calls the prosecutor the morning of the trial, it doesn't indicate that you've given him much notice, so we're gonna go ahead

without him.  You, you know, we just can't wait around and let people jerk us around like this.

{¶11}  MR. WEISS:   I'm not trying to jerk anybody around at all.

{¶12}  THE COURT:   Well when you don't call – your attorney doesn't call until the morning of the hearing that's been scheduled for over a month, I'm being jerked around.

{¶13}  MR. WEISS:   Right.

{¶14}  Transcript from November 6, 2013 at 4-5.

{¶15}  The matter then proceeded to trial. The trial court found appellant guilty. Pursuant to a Judgment Entry filed on November 6, 2013, the trial court sentenced appellant to 180 days in jail, but suspended all but 15 days. The trial court also placed appellant on probation for a period of five (5) years, fined him $600.00, ordered him to make restitution in the amount of $1,857.68 to the victim, and suspended appellant's driver's license for three years.

{¶16}  Appellant now raises the following assignment of error on appeal:

{¶17}  THE TRIAL COURT ERRED IN DENYING APPELLANT'S RIGHT TO COUNSEL.

I

{¶18}  Appellant, in his sole assignment of error, argues that the trial court erred in denying him his right to retained counsel.

{¶19}  Appellant did not expressly waive his right to counsel. However, as this Court noted in *State v. Dahlin*, 5th Dist. Knox No. 2007-CA-7, 2008 -Ohio- 4175

Actions of particular a defendant may indicate waiver of right to counsel, permitting waiver to be inferred. *State v. Ebersole* (1995) 107 Ohio App.3d 288, 668 N.E.2d 934. A defendant may not be permitted to take advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process. *State v. Wellman* (1974), 37 Ohio St .2d 162, 309 N.E.2d 915. "Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel" *Hook* [ (1986), 33 Ohio App.3d 101, 514 N.E.2d 721] *supra,* at 723, citing *United States v. Terry* (C.A.5, 1971), 449 F.2d 727; *United States v. Hollis* (C.A.5, 1971), 450 F.2d 1207; and *United States v. Leavitt* (C.A.9, 1979), 608 F.2d 1290.

To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case, including the background, experience, and conduct of the accused person. *Id.* at 724, citing *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461; and *Ungar v. Sarafite* (1964), 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921.

Id at paragraphs 39-40.

{¶20} As is stated above, appellant, at his October 11, 2013 arraignment, indicated that he needed counsel. He had been informed of his right to counsel that day.

At the pretrial on October 23, 2013, he told the trial court that he had retained an attorney who was going to enter an appearance on his behalf that day and that his attorney knew of the trial date in two weeks. The trial court advised appellant to have his counsel contact the prosecutor's office if that date was not good for him. Appellant indicated that he would.

{¶21} From the record, it is clear that appellant did not contact an attorney in an attempt to retain him until the morning of the November 6, 2013 trial.

{¶22} Based on the foregoing, we find that the trial court did not err in inferring that appellant waived his right to counsel. We find appellant waived his right to counsel by his conduct. *State v. Saylor,* 5th Dist. Guernsey App. No. 01 CA32, 2002-Ohio-4241.

{¶23} Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Mount Vernon Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.