THE STATE OF OHIO, APPELLEE, *v.* HOOK, APPELLANT.

(No. 85AP-405 — Decided June 10, 1986.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*Cassidy & Meeks* and *R. William Meeks; Joel A. Rosenfeld* and *Steven R. Keller,* for appellant.

REILLY, J. This is an appeal from a judgment of the court of common pleas finding defendant guilty of operating a gambling house and gambling.

Defendant was initially convicted of these charges on January 19, 1983. Following appeals to this court, the Ohio Supreme Court, and the United States District Court, a hearing was held to determine possible prejudice of the jurors. The court of common pleas found that one juror was prejudiced and a new trial was granted on January 8, 1985.

The second trial was scheduled for April 1, 1985. Defendant appeared in court on that date without counsel and made several pretrial motions. In particular, he requested a continuance on the day of trial, which was denied by the trial court. Defendant proceeded to trial *pro se.* The trial continued for two weeks, and the jury rendered a verdict of guilty on both counts.

Defendant timely appealed and advances the following assignment of error:

"I. The trial court erred by imposing a sentence of incarceration where appellant was unrepresented by counsel and where there was no waiver of the right to counsel, in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution, both of which secure appellant's right to counsel.

"II. The trial court erred by refusing to appoint counsel for appellant after having been informed of appellant's inability to hire counsel or, in the alternative, by refusing to grant a continuance in order to allow appellant to obtain counsel, in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution, both of which secure appellant's right to counsel."

The assignments of error are considered in reverse order. Defendant contends, in his second assignment of error, that the court erred in trying him without the assistance of counsel, in violation of the Sixth and Fourteenth Amendments of the United States Constitution. Defendant appeared on the day of trial without counsel and moved the court for a continuance in order to obtain counsel. The court refused to grant a continuance on the day of trial.

Defendant requested the court to appoint an attorney for him. The court refused. Defendant renewed his motion for time to employ counsel and the court again refused stating that defendant had known of the case for a long time. Whereupon, defendant claimed he was not asking for the court to appoint an attorney but reiterated his desire for an attorney. The court responded:

"THE COURT: Get yourself an attorney. What you are going to have to do, you are going to have to do it when we have a recess in this case."

Defendant requested a recess which the court also refused to grant.

Subsequently, the voir dire of jurors proceeded. Defendant at one point again asked for a continuance of a few days. He explained that he had spoken with attorney Alan Derschowitz of Boston the previous evening, and that he was "standing by." However, he needed a few days to arrange his schedule before he would be available. The court refused a continuance but stated that counsel could appear and represent the defendant as the

case progressed. Defendant continued to object to his *pro se* status through the trial, but an attorney did not appear to represent him.

There were, however, several times during the trial when defendant requested a short recess to consult someone concerning decisions he was asked to make, such as the reading to the jury of the verdict and indictment from the first trial. These requests were generally granted by the court. Defendant also requested the court to consider special jury instructions which he and a friend were preparing. The court agreed to do so. In any event, there is not a written or oral waiver of counsel included in the record.

The right to assistance of counsel has been long recognized as a fundamental right basic to our system of jurisprudence. Sixth Amendment and Fourteenth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution; *Gideon* v. *Wainwright* (1963), 372 U.S. 335, 23 O.O. 2d 258; *Argersinger* v. *Hamlin* (1972), 407 U.S. 25. As this right has evolved, it has been broadened to guarantee the right to counsel for persons accused of misdemeanor or felony offenses. Our system has recognized the principle that even the intelligent and educated layman has minimal or sometimes no skill in the science of the law. *Powell* v. *Alabama* (1932), 287 U.S. 45. Based on this principle, the right to a fair trial may often necessarily require the right to counsel.

The basic right to counsel, however, must be considered along with the need for the efficient and effective administration of criminal justice. *United States* v. *Weninger* (C.A. 10, 1980), 624 F. 2d 163, 166; *United States* v. *McMann* (C.A. 2, 1967), 386 F. 2d 611. Moreover, a defendant may not be permitted to be reasonably perceived as taking advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process. *State* v. *Wellman* (1974), 37 Ohio St. 2d 162, 66 O.O. 2d 353, 309 N.E. 2d 915. Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel. *United States* v. *Terry* (C.A. 5, 1971), 449 F. 2d 727; *United States* v. *Hollis* (C.A. 5, 1971), 450 F. 2d 1207; and *United States* v. *Leavitt* (C.A. 9, 1979), 608 F. 2d 1290. To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person. *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 464; and *Ungar* v. *Sarafite* (1964), 376 U.S. 575.

It is apparent that the defendant was not inexperienced with the justice system or this particular case. As indicated above, this was a new trial granted by the court of common pleas after a hearing to determine prejudice of the jury in the first trial wherein defendant was represented by counsel and was convicted of the same charges. Defendant retained counsel for several appeals that followed from that first trial. It is also apparent from the record that the defendant was previously convicted of a misdemeanor charge of "operating a gambling house." Manifestly, the defendant was aware of the nature of the charges, the possible defenses, and the evidence the state would present.

Defendant knew well in advance the date of the scheduled trial. The order of the court of common pleas granting the defendant a new trial was filed on January 18, 1985. Two and one-half months was definitely adequate time for the defendant to obtain counsel. *United States* v. *Fowler* (C.A. 5, 1979), 605 F. 2d 181; *Ungar* v. *Sarafite, supra.* It was not unreason-

able for the court to conclude that the defendant was attempting to delay the trial by not appearing with counsel on the scheduled trial date.

The trial lasted from April 1, 1985 through April 15, 1985. An attorney did not appear throughout the trial although the court had definitely indicated that it would allow counsel to participate after the trial began. Considering the total circumstances of this case, it was not error to refuse the motion for a continuance or to infer that defendant waived his right to counsel.

It is emphasized that broad discretion rests with the trial court in its decision to grant or deny a continuance. *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 21 O.O. 3d 41, 423 N.E. 2d 1078; *Thurston* v. *Maxwell* (1965), 3 Ohio St. 2d 92, 32 O.O. 2d 63, 209 N.E. 2d 204; and *State* v. *Lockett* (1976), 49 Ohio St. 2d 48, 3 O.O. 3d 27, 358 N.E. 2d 1062, paragraph seven of the syllabus, overruled on other grounds in *State* v. *Downs* (1977), 51 Ohio St. 2d 47, 5 O.O. 3d 30, 364 N.E. 2d 1140, death penalty vacated and cause remanded (1978), 438 U.S. 586, 9 O.O. 3d 26. In sum, there was not an abuse of discretion by the trial court's refusal to grant a continuance in this case.

Thus, the second assignment of error is not well-taken.

In the first assignment of error, defendant contends that the court erred in sentencing him to ninety days' incarceration absent a waiver of his right to counsel. Defendant maintains that no person may be imprisoned for an offense unless he was represented by counsel at his trial or made a knowing and intelligent waiver of his right to counsel. In the foregoing discussion it has been determined that the defendant made, in effect, a knowing and intelligent waiver of his right to counsel. Hence this contention is inapplicable to the facts of this case.

Accordingly, the first assignment of error is also not well-taken.

For the foregoing reasons, defendant's assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

MOYER, P.J., and STRAUSBAUGH, J., concur.