OPINION
Defendant-appellant, Lois Westfall, appeals her conviction in the Butler County Court of Common Pleas for intimidation of a public official.[1] We affirm.
In June 1996, appellant left a threatening message on the answering machine of Donald Sikes, a member of the Fairfield Township Zoning Commission, and was subsequently charged with intimidation of a public official, a felony of the third degree. Appellant was originally represented by the Lawson Gaines law firm. Due to a disagreement not detailed in the record, Lawson 
Gaines apparently ceased active representation of appellant. This dispute was referenced in an August 6, 1996 letter from Kenneth L. Lawson, Esq. of Lawson Gaines, in which he indicated to the trial court that appellant no longer wished to use the firm's representation due to an "irreconcilable stalemate" over legal strategy. The grand jury indicted appellant on November 14, 1996 and Donald Moser, Esq. was appointed as counsel for appellant on November 25, 1996.
At a pre-trial hearing on January 14, 1997, the trial court determined that appellant had adequate funds to hire counsel and, therefore, was not indigent. Specifically, the court noted in a January 15, 1997 court entry that appellant had borrowed $2,500 to hire Lawson Gaines to represent her in the criminal proceeding. After concluding appellant was not indigent, the trial court relieved Donald Moser as appointed counsel and ordered appellant and an attorney from Lawson Gaines to appear at a February 4, 1997 pre-trial conference to resolve a "fee dispute." Finally, a trial date was set for February 26, 1997.
At the February 4, 1997 hearing, appellant and Kenneth Lawson appeared. The hearing was summarized in a February 5, 1997 entry styled Order Relieving Counsel. At the hearing, appellant had indicated she no longer wished to be represented by Lawson 
Gaines. The trial court reminded appellant that she was not indigent and would not be appointed new counsel. The court also advised appellant to consider hiring Donald Moser as private counsel. Lawson Gaines were officially relieved as counsel after refunding a $2,500 retainer. The court noted that the trial would begin on February 26, 1997. In another February 5 entry, styled Entry Of Substitution of Counsel, the court stated that "Lois Westfall is hereby advised to retain other legal representation, prior to her scheduled trial date of February 26, 1997."
On February 25, 1997, the trial court, in a conversation, again informed appellant that she would not be furnished with appointed counsel. Appellant indicated that she could not afford legal counsel. On February 26, 1997, the trial date, appellant arrived without counsel and the court conducted an in-chambers hearing. Appellant indicated she had not obtained legal representation, but had been attempting to obtain representation through Access for Justice, an organization located in Columbus, Ohio. The court then briefly recessed to speak to an employee of Access for Justice. After the conversation, the court noted that Access for Justice had been attempting to get a referral for appellant since February 12, 1997. Concluding that appellant had ample time to retain counsel, the court denied appellant's motion for a continuance and proceeded with the trial that day. Appellant acted pro se and was convicted.
Appellant, through her current appellate counsel, filed a timely notice of appeal and sets forth three assignments of error. All the assignments relate to appellant's lack of legal representation at trial. Since the second assignment of error squarely addresses the basic issue, we address it first.
In appellant's second assignment of error, appellant alleges that the trial court erred in refusing to appoint counsel for appellant. It is long settled that, under the Sixth Amendment of the United States Constitution, an indigent defendant, charged with a felony, is entitled to appointed counsel. Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792. Crim.R. 44(A) also provides that a defendant is entitled to counsel in a serious offense where the defendant is "unable to obtain counsel."
Appellant, while not arguing she was indigent at the time of trial, insists that she was "unable to obtain counsel" within the meaning of Crim.R. 44(A). Appellant relies primarily on State v. Tymcio (1975), 42 Ohio St.2d 39. In Tymcio, the Ohio Supreme Court explained that:
 [A] preliminary determination of indigency can not [sic] be permitted to foreclose a redetermination of eligibility for assigned counsel, when, at a subsequent stage of a criminal proceeding, new information concerning the ability or inability of the accused to obtain counsel becomes available. It is then the duty of the trial court to inquire fully into the circumstances impinging upon the defendant's claimed inability to obtain counsel, and his consequent need either for assistance in employing counsel, or for the assistance of assigned counsel. When the accused is financially, able in whole or in part, to obtain the assistance of counsel, but is unable to do so for whatever reason, appointed counsel must be provided. In such case, appropriate arrangements may subsequently be made to recompense appointed counsel for legal services rendered.
Id. at 45. (Emphasis added.)
In this case, Kenneth Lawson indicated to the court in an August 6, 1996 letter that, pursuant to appellant's wishes, Lawson Gaines wished to terminate their legal representation. On January 14, 1997, the court informed appellant she was not indigent and was not entitled to appointed counsel. By the February 4, 1997 pretrial hearing, appellant still had not hired private counsel. The day before trial, the court reminded appellant that she was not indigent and would not be appointed counsel for trial. Despite being aware of the February 26, 1997 trial date, appellant arrived that morning without counsel.
When the trial court made an inquiry into appellant's inability to obtain counsel, appellant stated she was seeking counsel through Access for Justice. The court personally telephoned the organization and learned appellant had been seeking a referral since February 12, 1997. The court then concluded "* * * that [appellant] has had ample opportunity to hire an attorney."
We conclude the trial court did not abuse its discretion. The record is undisputed that, as far back as August 6, 1996, appellant did not wish to continue utilizing Lawson Gaines as her private defense counsel. Appellant never requested a continuance or informed the court of her progress toward obtaining counsel until the day of trial. Finally, even after the final pre-trial hearing, appellant still waited another week before contacting Access For Justice. Having made the inquiry required by Tymcio, the trial court reasonably concluded appellant was able to obtain counsel, but instead chose to unnecessarily delay the proceedings. Cf. Tymcio,42 Ohio St.2d at 44. The second assignment of error is overruled.
In appellant's first assignment of error, she argues that the trial court erred in denying a continuance. The standard of review for the decision to grant or deny a continuance is abuse of discretion. State v. Hook (1986), 33 Ohio App.3d 101, 104; State v. Crebs (1987), 42 Ohio App.3d 50, 51. In order to evaluate the decision of the trial court, this court must balance the right to counsel with the orderly administration of justice. Crebs at 51. Further, "a defendant may not be permitted to be reasonably perceived as taking advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process." Hook at 103.
The court informed appellant six weeks before the trial that she would not receive appointed counsel. Further, appellant did not request a continuance until the day of the trial. Under this particular set of facts, it was reasonable for the court to infer that appellant had been given ample time to hire a private attorney and was now merely trying to delay the trial. Hook,33 Ohio App. 3d at 103-04. In short, appellant waived the right to counsel. Id. Therefore, we cannot say that the trial court abused its discretion in denying appellant a continuance. The second assignment of error is overruled.
In her final assignment of error, appellant contends she was denied effective assistance of counsel at trial. See Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. In light of our rulings on the previous two assignments of error, we find it unnecessary to address this issue. Accordingly, the third assignment of error is rendered moot and is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.
[1] R.C. 2921.03(A) provides that "[n]o person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant * * *."