OPINION
Edward D. Baker, III appeals from his conviction of assault in the Dayton Municipal Court pursuant to his no contest plea.
Baker was originally charged with assault and aggravated menacing on September 8, 1998. Baker was arraigned on September 14 and he entered not guilty pleas to the charges. On September 21, 1998 the court set the matter for a pretrial conference to be held on September 29, 1998. The appellant was served with the notice and it contained the warning "no continuances will be considered unless requested in writing filed not less than forty-eight hours before the time set for the trial." The docket and journal entries do not reflect when the defendant was informed of the date of the trial, but the defendant showed up on the day of trial, October 9, 1998.
The following occurred on the morning of the trial:
 PROSECUTOR: Your Honor, the City versus Edward Baker, 98-CRB-13148. Your Honor this matter was set for trial this morning. All uh, my witnesses are here and we're prepared to go forward. It's my understanding that Mr. Baker is representing himself at this time and has a need to address the Court.
 MR. BAKER: Well, um, good morning Your Honor. Uh, actually, due to the uh, uh, seriousness of this uh, matter, I'd like to see representation um, I would make a — continuance — it would be in my best interest to do that.
THE COURT: Well, —
MR. BAKER: — I apologize for the uh, —
THE COURT: — sorry Mr. Baker —
MR. BAKER: — delay, it's just that I've had a —
THE COURT: — this matter's set for trial today uh, —
 MR. BAKER: Well, I've had a conflicting work scheduled and I've also been moving into a different home all week and this was just last week when we uh, set this and I've just not had time to do this.
 THE COURT: Uh, uh, we're here for trial this morning and the witnesses are here. You should have requested a continuance before this morning.
 MR. BAKER: Well, I — I wasn't — I wasn't sure on how to do it or I thought I had to come in here, you know, to ask for it. That's why I want to get legal representation.
 THE COURT: I'm sorry, we — we're going to have to proceed this morning with your trial if you wish to have a trial.
 MR. BAKER: I have no — no witnesses here, no nothing. I mean —
 THE COURT: But you were told to — that the matter was going to be set for trial, at your request on your plea of not guilty. There was a pretrial conference also in this matter —
MR. BAKER: Which was just a few days ago.
 THE COURT: — and uh, if you uh, wanted to have a continuance, uh, you should have requested that before now.
 MR. BAKER: Well, how do you — how would you have done that?
 THE COURT: Uh, by making a motion for a continuance. Asking for a continuance.
MR. BAKER: That — I though that's what I'm doing now?
 THE COURT: Well, it's too late now, it's set for trial this morning. Uh, you can discuss the matter again with the prosecutor if you wish uh, but we'll have to — have to proceed if you wish a trial in this case.
MR. BAKER: I can't proceed this morning Your Honor.
THE COURT: All right, have a seat here then.
 PROSECUTOR: I'll speak to the Defendant before we proceed.
 THE COURT: All right, we'll recall your case in few minutes.
(THE CASE HAVING BEEN RECALLED PROCEEDED AS FOLLOWS)
 THE COURT: Recalling then Case No. 98-CRB-13148, The City of Dayton versus Edward Baker. This matter is set for trial this morning uh, and the record should reflect that the uh, Defendant, Edward Baker, is present that uh, he is unrepresented by counsel and that uh, just this morning a few minutes ago he's requested a continuance. The matter was set for a Pretrial Conference uh, uh, and at that time uh, the Defendant stood on his plea of not guilty and uh, the matter was set for trial September — on September 29th at the Pretrial date. The matter was set for trial today. Defendant is present uh, this morning and has requested a continuance. The Court, at this time, must overrule the continuance because it — it is not timely. The prosecution is ready to proceed?
PROSECUTOR: Yes, Your Honor.
Before the State proceeded to present evidence, the defendant indicated his willingness to enter a negotiated plea to assault if the State dismissed the aggravated menacing charge. The court explained to the defendant the effect of his no contest plea. The court informed the defendant of the maximum sentence for assault and determined that the no contest plea was voluntarily entered. The court then received an explanation of the circumstances of the assault from the victim. The court then found the defendant guilty and referred the matter to the probation department for a presentence investigation.
In his first assignment of error, appellant contends the trial court committed prejudicial error in arbitrarily denying his motion for a continuance of his trial date so he could secure legal counsel.
The standard this court must use in reviewing the trial court's denial of appellant's requested continuance is whether the trial court abused its discretion. State v. Unger (1981), 67 Ohio St.2d 65,67, 423 N.E.2d 1078. "Appellate courts must apply a balancing test in deciding whether the trial court's denial of a continuance was unreasonable, arbitrary, or unconscionable. Id.
at 67. The appellate court must weigh the potential prejudice to a defendant against the trial court's `right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.' Id. at 67. The Unger court further explained:
 In evaluating a motion for a continuance a court should note inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. Id. at 67-68.
State v. Gray (Nov. 14, 1997), Mont. App. No. 6282, unreported.
The effect of the trial court's denial of a continuance inGray was to deprive him of his constitutional right to counsel and forced Gray to proceed without an attorney. Id. at 7. This court in analyzing the Unger factors stated:
 "Gray's request does not appear to be part of a `conscious tactical design' to delay the proceedings . . . Gray had not requested of received any other continuances. The record does not reflect that Gray sought to continue the proceedings for a `dilatory, purposeful, or contrived' reason; rather, he indicated to the trial court that he had contacted an attorney whose family business prevented him from attending Gray's trial. It does not appear that Gray contributed to the circumstances that prevented that attorney from being present. Furthermore, Gray indicated that he had contacted another attorney who would represent him if his trial were continued. While a continuance may have caused some inconvenience to the state and its witnesses, this factor does not outweigh Gray's right to counsel and his legitimate reasons for requesting a continuance." Id. at 8. (Emphasis ours).
In State v. Hook (1986), 33 Ohio App.3d 101, the Franklin County Court of Appeals held that when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may be permitted to infer a waiver of the right to counsel. In so doing, the court must take into account the total circumstances of the individual case, including the background, experience and conduct of the defendant." State v. Hook, supra.
In this case, the defendant had nearly a month to secure counsel to represent him, but took no action to protect himself in that regard. We see no abuse of discretion in the trial court's refusal to grant the defendant's continuance request in light of the defendant's dilatory conduct. The first assignment of error is overruled.
In his second assignment of error appellant contends the trial court erred in accepting his no contest plea without complying with the requirements of Crim.R. 11(E).
Crim. R. 11(E) provides:
 (E) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty. The counsel provisions of Rule 44(B) and (C) apply to this subdivision.
Crim. R. 44(B) provides that no sentence of confinement may be imposed upon an indigent defendant unless the defendant knowingly, intelligently, and voluntarily waives assignment of counsel. The record fails to show that the defendant was indigent at the time he entered his no contest plea. The trial court failed to advise the defendant of his right to confront his accuser, of his right to compulsory process for obtaining witnesses, or of his privilege against self-incrimination. Under such circumstances we cannot say the defendant's plea was intelligently and voluntarily entered. See, Garfield Heights v.Brewer (1984), 17 Ohio App.3d 216 and City of Bellbrook v. LindaS. Joefreda (February 19, 19999) Greene App. CA0063, unreported. The second assignment is sustained.
The judgment of the trial court is Reversed and Remanded for further proceedings.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Rajshree Malhotra
Arvin S. Miller
Hon. John Pickrel