OPINION
This timely appeal arises from the Eastern Area County Court, Columbiana County, Ohio, denying Appellant's Motion to Dismiss for an alleged failure to comply with Ohio's speedy trial statute. For all of the following reasons, this Court affirms the judgment of the trial court.
On July 24, 1998, Kenneth L. Barnes ("Appellant") was served with a Uniform Traffic Citation for speeding and driving under the influence of alcohol in violation of R.C. §§ 4511.19(A)(1) and (3). At his arraignment on July 30, 1998, Appellant entered a not guilty plea. Accordingly, the trial court scheduled the matter for a jury trial to commence on October 5, 1998, and a motion hearing was scheduled to take place on September 10, 1998. (Scheduling Order). The following day, July 31, 1998, Appellant filed a plethora of pretrial motions including a request for discovery, motion to suppress, motion to dismiss and a motion in limine.
By way of an August 5, 1998, Judgment Entry, the trial court continued the September 10th motion hearing until September 17, 1998, as the trial judge would be out of town. On September 17, 1998, another continuance of the motion hearing was granted after the court was informed that the arresting police officer who was scheduled to testify was at the site of a traffic fatality and was required to direct traffic and interview witnesses. (September 23, 1998, Judgment Entry). The motion hearing was rescheduled to take place on October 27, 1998, the next available court date.
At the October 27, 1998, motion hearing, Appellant moved the trial court to dismiss the charges for failure to try the matter within ninety days as required by R.C. § 2945.71 and requested a disposition as to his July 31, 1998, motion to suppress. The trial court overruled both of these motions in an October 29, 1998, Judgment Entry. As a result, the jury trial was scheduled for November 18, 1998. On November 18, 1998, however, Appellant and the prosecutor agreed to reschedule the trial date to November 24, 1998. (November 18, 1998, Judgment Entry). On November 24, 1998, Appellant withdrew his plea of not guilty and entered a "no contest" plea to the charges against him. This timely appeal followed.
In his sole assignment of error, Appellant argues:
 "THE COUNTY COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO DISMISS BASED ON THE EXPIRATION OF THE STATUTORY TIME LIMIT (SPEEDY TRIAL LIMITATIONS) IN WHICH THE CASE WAS TO BE TRIED."
In his brief to this Court, Appellant contends that the, "last minute continuance granted due to the arresting officer not being available for the September 17, 1998, Motion to Suppress hearing was unfounded." (Appellant's Brief, p. 8). As a result, Appellant argues, the trial date of October 5, 1998, should not have been continued and it was a violation of Appellant's right to a speedy trial to do so.
We disagree with Appellant's contention. Appellant correctly observes that a defendant charged with a first degree misdemeanor such as driving under the influence of alcohol as proscribed by R.C. § 4511.19(A)(1) must be tried within ninety (90) days of his arrest or service of summons. R.C. § 2945.71(B)(2). Once a defendant establishes a prima facie case of a violation of the defendant's right to a speedy trial, the burden then shifts to the state to demonstrate that the statutory limit was not exceeded by establishing that the time was properly extended pursuant to R.C. § 2945.72. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31.
According to R.C. § 2945.72(H), the time within which a defendant must be brought to trial may be extended, sua sponte, by a trial court if it enters an order of continuance by journal entry prior to the expiration of the time limit prescribed by R.C. § 2945.71 and sets forth the reason for the continuance.State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. See also,State v. King (1994), 70 Ohio St.3d 158, 162. Since a defendant's right to a speedy trial is guaranteed by statute and by the Sixth and Fourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the state. State v. Singer (1977), 50 Ohio St.2d 103.
In the case at bar, Appellant was served with a summons for violating R.C. § 4511.19(A)(1) on July 24, 1998. Pursuant to R.C. § 2945.71(B)(2), the ninety (90) days within which Appellant was to be tried expired on October 21, 1998. Thus, the task before this Court is to determine whether the "try-by" date had been properly extended when the trial court overruled Appellant's motion to dismiss argued on October 27, 1998. We conclude that it was.
The original hearing date of September 10, 1998, was continued to September 17, 1998. This continuance was articulated and explained in a Judgment Entry dated August 6, 1998, well within the speedy trial deadline. This same Judgment Entry notified the parties that the time limit within which Appellant was to be tried was tolled until September 17, 1998. Therefore, the speedy trial deadline was properly extended by seven (7) days to October 28, 1998. Appellant assigns no error to this proposition.
On September 17, 1998, the trial court was compelled to continue the matter again due to the arresting officer's inability to testify because he was at the scene of a traffic fatality. The trial court journalized this continuance in a Judgment Entry dated September 23, 1998, and indicated that the speedy trial deadline was tolled as a result of this continuance. This Judgment Entry also complied with the dictates of Mincy, supra, by explaining and journalizing the suasponte continuance prior to the expiration of the speedy trial deadline which was previously and properly extended until October 28, 1998. The trial court rescheduled the matter until October 27, 1998, one day prior to the modified speedy trial deadline.
While we are mindful that the forty (40) day continuance may initially have the appearance of being excessive and the Judgment Entry of September 23, 1998, does not offer an explanation for the length of the continuance, this Court is permitted to look beyond the Judgment Entry and examine the trial court record to analyze the reasonableness of the continuance. State v. Lee (1976), 48 Ohio St.2d 208, 209. The record indicates that the October 27, 1998. hearing date was the next available court date at the Eastern Area County Court in Columbiana County, which is only in session two (2) times per week. (Opinion and Judgment Entry, October 29, 1998). There is nothing inherently unreasonable about a trial court's decision to set the length of a continuance according to the court's next available trial date. State v. Harr (1992), 81 Ohio App.3d 244,248.
Concluding that the prosecution met its burden of demonstrating that the speedy trial deadline had been properly extended, we turn our attention to Appellant's suggestion that the trial court's acceptance of the arresting officer's explanation for his unavailability at the September 17, 1998, motion hearing was unfounded. The standard of review for the decision to grant or deny a continuance is abuse of discretion.State v. Hook (1986), 33 Ohio App.3d 101, 104. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
At the October 27, 1998, hearing, the arresting officer testified as to the events which prevented him from appearing at the September 17, 1998, hearing. Specifically, the officer testified that he had worked the midnight to 7:00 a.m. shift on September 17, 1998. (Transcript, p. 7). As his shift came to an end, the officer was requested to work the dispatch desk as another officer had, "called off sick." (Transcript, p. 11). At 9:30 a.m., the officer was then requested to assist at the scene of a traffic accident which involved a fatality. (Transcript, pp. 7, 9). Appellant's argument that the offered explanation is unfounded is baseless.
This Court is unprepared to say that the trial court was acting in an unreasonable, arbitrary, or unconscionable manner when it continued the September 17, 1998, hearing to the next available court date pursuant to the circumstances of the present case. Accordingly, Appellant's sole assignment of error is not well taken and is hereby overruled. The judgment of the Eastern Area County Court for Columbiana County is affirmed.
Cox, P.J., concurs, Vukovich, J., concurs.
 ______________________ CHERYL WAITE, JUDGE