OPINION
Defendant-appellant Richard Saylor, Jr. appeals the November 2, 2001 Judgment Entry of the Cambridge Municipal Court, which found him guilty of driving while under the influence of alcohol, driving under suspension, and reckless operation, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 7, 2001, Deputy Richard McClay of the Guernsey County Sheriff's Department charged appellant with his second offense of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1); driving under suspension, in violation of R.C. 4507.02; reckless operation, in violation of R.C. 4511.201; and failure to wear a safety belt, in violation of R.C. 4513.262.
The same day, appellant appeared for an arraignment and entered a plea of not guilty to all charges. The transcript indicates appellant reviewed a videotape which explained his rights and the trial court's procedures. Tr. at 3. Further, Judge Nicholson conducted a colloquy in which he explained appellant's rights, including his right to counsel. The following dialogue took place on the record:
 "THE COURT: Okay. No consumption of alcohol and obey all laws. We'll set it down for trial. Ah, do you want us to set this for an Indigency Hearing to determine your eligibility for Court appointed Counsel?
 "THE DEFENDANT: Um, I have ah, I have two checks coming in and I may be able to . . .
"THE COURT: Okay.
"THE DEFENDANT: Afford a lawyer.
 "THE COURT: That'll be fine. If you want to do that that's okay. If you feel that you can't you know that you can come up here and request a hearing to determine eligibility for Counsel?
"THE DEFENDANT: In writing?
 "THE COURT: No, actually I think if you just came up in person ah, that's, they'd give you a date. Do not, Rick, do not wait until the day of the trial and say `May I have Court appointed counsel now?' Don't do that.
"THE DEFENDANT: I understand that." Tr. at 7-8.
On October 23, 2001, the trial court issued a recognizance bond signed by appellant which conditioned his recognizance on his appearing on October 25, 2001 for an indigency hearing. Appellant failed to appear for this hearing.
Appellant appeared for trial on November 2, 2001. Before trial began, appellant requested a continuance to obtain an attorney. After hearing arguments from both sides, the trial court denied the motion and proceeded to trial. The State presented the testimony of Jeff Zoleman and Deputy McClay.
Mr. Zoleman testified he was the owner of the 1991 black Chevy truck in which appellant was apprehended on the night of the incident. Mr. Zoleman testified he was staying at the Best Western Hotel located in Cambridge, Ohio. He had parked his truck in the hotel parking lot and took the keys with him into his hotel room. When he came out of his hotel room in the morning, his vehicle was gone. Upon speaking to the police, he discovered his truck had been recovered during the incident involving appellant. Mr. Zoleman testified he did not know appellant and did not give him permission to take his truck.
Deputy McClay testified he was dispatched to a residence on Georgetown Road in Guernsey County. When he arrived, he found appellant behind the wheel of a black Chevy pickup truck. Appellant was just off of the driveway of the residence, stuck in a ditch. Appellant was rocking the vehicle back and forth, trying to extricate the truck from the ditch and tangle of barbwire. When appellant noticed the deputy, appellant turned the vehicle off. Appellant told Deputy McClay he was was not driving, and the person who had been driving just left the car and was running away over a nearby hill. After talking to appellant, Deputy McClay noticed a strong odor of alcohol. Appellant submitted to several field sobriety tests and admitted he had consumed twelve beers. Deputy McClay placed appellant under arrest for driving under the influence. Deputy McClay testified appellant was combative and uncooperative, continually attempting to hit and strike out at Deputy McClay and his partner until he was locked into a holding cell at the police station.
After this testimony, appellant asked the trial court to change his plea to guilty. The trial court inquired of appellant and ultimately accepted appellant's pleas of no contest to the charges of driving under the influence of alcohol, reckless operation, and driving under suspension. The trial court dismissed the charge of driving without a safety belt.
In a November 2, 2001 Judgment Entry, the trial court sentenced appellant to six months in the Guernsey County Jail for the charge of DUI, and six months for the charge of driving under suspension. The trial court ordered the sentences be served concurrently. Additionally, the trial court fined appellant $370.00 and suspended his driver's license for thirty-six months.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 "THE TRIAL COURT ERRED IN FAILING TO ADVISE THE DEFENDANT OF HIS RIGHTS INCLUDING THE RIGHT TO COURT APPOINTED COUNSEL AND ERRED IN SENTENCING DEFENDANT WITHOUT ADVISING HIM OF HIS RIGHT TO COUNSEL PURSUANT TO CRIMINAL RULE 44."
 I.
In his sole assignment of error, appellant maintains the trial court did not comply with Crim.R. 44, by failing to advise appellant of his right to counsel. We disagree.
Crim.R. Rule 44 provides, in relevant part:
"(B) Counsel in petty offenses
 "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment to counsel.
"* * *
"(C) Waiver of counsel
 "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
"(D) Assignment procedure
 "The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."
"Petty offense" is defined as a misdemeanor other than a serious offense." Crim.R. 2(D). A "serious offense" means a felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(C).
"When a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may be permitted to infer a waiver of the right to counsel. In so doing, the court must take into account the total circumstances of the individual case, including the background, experience and conduct of the defendant." State v. Hook (1986),33 Ohio App.3d 101, syllabus.
The right to assistance of counsel has been long recognized as a fundamental right basic to our system of jurisprudence. Sixth Amendment and Fourteenth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution; Gideon v. Wainwright (1963), 372 U.S. 335,83 S.Ct. 792, 9 L.Ed.2d 799, 23 O.O.2d 258; Argersinger v. Hamlin
(1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. This right has expanded to guarantee the right to counsel for persons accused of misdemeanor or felony offenses. Our system recognizes the principle that even the intelligent and educated layperson has minimal or sometimes no skill in the science of the law. Powell v. Alabama (1932), 287 U.S. 45,53 S.Ct. 55, 77 L.Ed. 158. Based upon this principle, the right to a fair trial may often necessarily require the right to counsel.
However important these principles, they are not absolute. The right to counsel must be considered along with the need for the efficient and effective administration of criminal justice. United States v. Weninger
(C.A.10, 1980), 624 F.2d 163, 166; United States v. McMann (C.A.2, 1967), 386 F.2d 611.
Actions of particular defendant may indicate waiver of right to counsel, permitting waiver to be inferred. State v. Ebersole (Hancock 1995) 107 Ohio App.3d 288, 668 N.E.2d 934. A defendant may not be permitted to take advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process. State v.Wellman (1974), 37 Ohio St.2d 162, 309 N.E.2d 915. "Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel." Hook, supra, at 723, citing United States v. Terry
(C.A.5, 1971), 449 F.2d 727; United States v. Hollis (C.A.5, 1971),450 F.2d 1207; and United States v. Leavitt (C.A.9, 1979), 608 F.2d 1290.
To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case, including the background, experience, and conduct of the accused person. Id. at 724, citing Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023,82 L.Ed. 1461; and Ungar v. Sarafite (1964), 376 U.S. 575, 84 S.Ct. 841,11 L.Ed.2d 921.
We emphasize broad discretion rests with the trial court in its decision to grant or deny a continuance. State v. Unger (1981),67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. In reviewing this record, we find no abuse of discretion in the trial court's refusal to grant a continuance.
We find the trial court complied with Crim.R. 44 in the colloquy conducted at the arraignment. Appellant was advised of his right to an attorney. However, it was appellant who failed to obtain an attorney. Appellant indicated to the trial court that he would retain counsel. Notwithstanding this representation, the trial court additionally advised appellant of the procedure to obtain court appointed counsel. Appellant then subsequently requested court appointed counsel and a hearing was scheduled to determine his eligibility. It was appellant who failed to appear for the hearing. Further, appellant waited until the day of trial to request a continuance to obtain counsel. We find appellant waived his right to counsel by his conduct.
Considering the state of the record, we find no abuse of discretion in the trial court's decision to deny his motion for a continuance to obtain counsel.
Appellant's sole assignment of error is overruled.
The November 2, 2001 Judgment Entry of the Cambridge Municipal Court is affirmed.
HOFFMAN, P.J., FARMER, J., and BOGGINS, J. concur.